UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ZEB A. HENSON,

        Petitioner,

v.                                      Civil Action No. 2:17-cv-134

UNITED STATES DEPARTMENT
OF JUSTICE, *et al.*,

        Respondents.

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Zeb A. Henson's ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1, and the Respondents, the United States Department of Justice, the Federal Bureau of Prisons, and Eric D. Wilson, Warden, FCI Petersburg, Medium's (collectively "the Respondents") Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment ("the Motion"), ECF No. 5. The Motion was referred for disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that the Respondents' Motion to Dismiss, or in the alternative, for Summary Judgment, ECF No. 5, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Based on a review of the respective submissions of the parties, it does not appear that the material background facts of Petitioner's arrests, convictions, and sentences are in dispute. The undersigned finds that the Declaration of Bryan Erickson, Correctional Program Specialist, submitted in support of the Respondents' Motion aptly recounts the relevant chronology of Petitioner's criminal charges and convictions. ECF No. 6, attach. 1 at 1-7. The Respondents rely on this Declaration and the Petition to generate their Statement of Undisputed Material Facts. *See* ECF No. 6 at 3-6. This Declaration provides, in pertinent part:

> 5.    A review of Mr. Henson's PSR revealed that he was arrested on August 14, 2009 by the Rockbridge County, Virginia authorities for Manufacture Controlled Substance in case number GT09-9125. Mr. Henson was released on bond the same day. Mr. Henson's PSR reveals that on December 1, 2009, the state charges were nolle prossed. This arrest also lead [sic] to the federal instant offense, of which Mr. Henson is presently serving a term of imprisonment in federal custody.
>
> 6.    On September 30, 2009, Mr. Henson was arrested by Rockbridge County law enforcement   for a violation   of probation   in case number CR07000028-01 and remained in custody. See Court and Legal Services Release, Richmond, Virginia, attached hereto as Attachment 1. On December 3, 2009, he appeared in the Rockbridge Circuit Court, at which time the Court declined to revoke his probation and he was released from custody. Id. at 1.
>
> 7.    On August 3, 2010, Mr. Henson was arrested by local law enforcement in Rockbridge County and charged with Assault and Battery and Unlawful Use of a Telephone in case numbers CR10000464-00 and CR10000472-00. See Warrant of Arrest- Misdemeanor (State), Zeb Anthony, attached hereto as Attachment 2; Sentencing Order, Virginia v. Henson, Case No. CR10000464-00, January 21, 2011, attached hereto as Attachment 3; Unlawful Use of Telephone, Virginia v. Henson, Case No. CR10000472-00, January 21, 2011, attached hereto as Attachment 4. Mr. Henson remained in Virginia state custody at this time. Id.

2

8.     According to a sealed indictment from the United States District Court for the Western District of Virginia, on September 16, 2010, a one Count Indictment was issued in case number 6:I0CR00013 charging Mr. Henson with knowingly and willfully possessing, with the intent to distribute, 5 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C §§ 841(a)(l ) and (b)(l )(B).  In addition, the Court issued an Arrest Warrant on the same date as the Indictment.

9.     According to a sealed Petition for Writ of Habeas Corpus *Ad Prosequendum* issued in case number 6:10CR00013 by the  United  States District Court for the Western District  of Virginia  on June 20, 2010, the district court  commanded   Rockbridge County Jail to surrender Mr. Henson to the custody of the United States Marshals Service.

10.     Mr. Henson remained in the custody of the United States Marshal pursuant to the federal writ until March 23, 2011, when he was returned to the custody of the State of Virginia.  See United States Marshals Service Prisoner Tracking System, Zeb Anthony Henson, at 1, attached hereto as Attachment  5.

11.     While Mr. Henson was in custody on the federal writ, he was sentenced in several Virginia state cases.  On January 21, 2011, Mr. Henson was sentenced to a  12-month  term of imprisonment for Assault and Battery in case number CR10000464-00, to run  concurrently  with  a  30-term  [sic]  of imprisonment  for  Unlawful  Use  of  a  Telephone  in case number CR10000472-00. See Attachment 3; Attachment 4; see also Virginia Department of Corrections Summary Audit, Zeb Anthony Henson, attached hereto as Attachment 6. On February 28, 2011, Mr. Henson was sentenced to a 5-year term of imprisonment for Possession of a Controlled Substance  with  Intent  to Distribute  in case number CR10000489-00[1] to run concurrently with a 6-month term of imprisonment for Trespassing in case number CRI 0000490-00 but consecutively  with  any  other  sentences.   See Sentencing Order, Virginia v. Henson, Case Nos. CR10000489-00 & CR10000490-00, February 28, 2011, attached hereto as Attachment 7; see also Attachment 6. On March 14, 2011, Mr. Henson  was sentenced to a 4-year term of imprisonment for a violation  of

---

[1] l Two years and six months of this sentence were suspended upon conditions set by the court. See Sentencing Order, Virginia v. Henson, Case Nos. CR10000489-00 & CRI0000490-00, February 28, 201 l, attached hereto as Attachment 7.

probation in case number CR07000028-01, 1 year and six months of which would run concurrently with his other sentences and 2 years and six months of which would run consecutively with any other sentence. See Revocation Order, <u>Virginia v. Henson</u>, Case No. CR07000028-01, March 14, 2011, attached hereto as Attachment 8; <u>see also</u> Attachment 6.

12.     On March 18, 2011, the United States District Court for the Western District of Virginia sentenced Mr. Henson to an 84-month term of imprisonment in case number 6:10CR00013. <u>See</u> Judgement [sic] in a Criminal Case, <u>United States v. Henson</u>, Case No. 6:10-cr-00013-NKM, March 18, 2011 [D.E. 42], attached hereto as Attachment 9.

13.     On March 23, 2011, the United States Marshals Service returned Mr. Henson to the custody of the State of Virginia to serve out his state sentences. <u>See</u> Attachment 5.

14.     On July 3, 2012, the United States District Court for the Western District of Virginia issued an order in case number 6:10CR00013 reducing Mr. Henson's term of imprisonment from 84 months to 72 months. See Order Amending Judgment, <u>United States v. Henson</u>, Case No. 6:10-cr-00013-NKM, July 3, 2012 [D.E. 57], attached hereto as Attachment 10.

15.     On April 10, 2015, the United States District Court for the Western District of Virginia issued an order in case number 6:10CR00013 reducing Henson's term of imprisonment from 72 months to 58 months. <u>See</u> Order Regarding Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c)(2), <u>United States v. Henson</u>, Case No. 6:10-cr-00013-NKM, April 10, 2015 [D.E. 59], attached hereto as Attachment 11.

16.     Mr. Henson completed his state sentences on April 27, 2015, and was released via good conduct time to the "exclusive" custody of the United States Marshals Service to begin service of his federal sentence. <u>See</u> Attachment 5; <u>see also</u> Letter from Tashia Martin, Commonwealth of Virginia, Department of Corrections, to United States Marshals Service (Apr. 7, 2015), attached hereto as Attachment 12.

17.     Upon Henson's admission into BOP custody, the Designation and Sentence Computation Center ("DSCC") conducted a review of Henson's file in

4

order to determine if there were any prior custody credits that needed to be applied to Henson's federal sentence and to calculate his projected release date. It was determined that all of Henson's time in prior custody had been applied to his state sentence and therefore could not be applied to his federal sentence. See Attachment 6. Henson has been in the custody of the Bureau of Prisons since this time, serving his 58-month term of imprisonment for Possession with Intent to Distribute Five Grams or more of Actual Methamphetamine in violation of 21 U.S.C. § 841(a)(l ). See SENTRY Public Information Inmate Data, Zeb Anthony Henson, Register No. 15641-084, at 2, attached hereto as Attachment 13.    Mr. Henson is presently housed at Federal Correctional Institution Petersburg, Virginia ("FCI Petersburg") and has a projected release date via 3621E COND of June 25, 2018. Id. at 1.

18.    During an audit of Mr. Henson's sentence computation during the administrative remedy process, it was noted that Mr. Henson had not received state or federal time- served credit for a period where he had been in the custody of the state of Virginia. Mr. Henson was incarcerated by the state of Virginia from September 30, 2009 through December 3, 2009 on a probation violation in which the judge chose not to revoke him, and that credit had not been awarded towards his state sentence. As such, it was awarded to his federal sentence and he received the prior custody credit.

ECF No. 6, attach. 1 at 2-7, ¶¶ 5-18. For the purposes of the undersigned's consideration of the Respondents' Alternative Motion for Summary Judgment, and in light of Petitioner's failure to challenge the same in his Response in Opposition, the Court will treat the above quoted portion as an accurate recitation of the material undisputed facts in this matter. *See* ECF No. 8 *passim*.

On or about July 11, 2016 Petitioner filed an Administrative Remedy Request with Respondent Eric Wilson, Warden of FCC Petersburg ("Respondent Wilson"). Therein, Petitioner requested that he receive credit for time served from March 18, 2011, the day the federal court sentenced him, through April 27, 2015, when he finished serving his State sentence and the Federal Bureau of Prisons ("BOP") became Petitioner's primary custodian. ECF No. 1 at 11-12. On July 29, 2016, Respondent Wilson sent Petitioner a written denial of his request,

explaining that from March 18, 2011 to April 27, 2015, all credit was exclusively applied to Petitioner's State sentences. ECF No. 1 at 14. On August 2, 2016, Petitioner exercised his right to appeal the denial to the BOP Regional Director. ECF No.1 at 15. The BOP Regional Director issued its denial of Petitioner's request on September 6, 2016. ECF No. 1 at 17. On September 12, 2016, Petitioner timely appealed the denial to the BOP General Counsel, arguing that the BOP was improperly exercising exclusively judicial powers to deprive Petitioner of the credit for time served, in violation of the separation of powers doctrine. ECF No. 1 at 18. On November 14, 2016, the Administrator of National Inmate Appeals issued a formal denial of Petitioner's request for credit, but advised that a review of Petitioner's record revealed that the State court previously failed to credit Petitioner for time spent in State custody between September 30, 1999 and December 3, 1999, and so BOP determined that time would be applied to Petitioner's federal sentence. ECF No. 1 at 20.

On March 6, 2017, while incarcerated in Petersburg, Virginia, Petitioner filed the instant *pro se* Petition pursuant to Section 2241. ECF No. 1. Therein, Petitioner asserts two distinct, but interrelated grounds for habeas relief: (1) that the BOP has failed, and continues to fail to properly credit time towards Petitioner's federal sentence, commencing March 18, 2011; and (2) that the failure to grant credit improperly contravenes the separation of powers because the BOP is failing to enforce the federal court's judgment. ECF No. 1 at 2, 5, 6-8, 10. According to Petitioner, because the federal court sentenced him on March 18, 2011 and made no reference to any alternative commencement date for his sentence in the Commitment Order or Judgment of Conviction, his federal sentence started on that day, and he is therefore entitled to credit accruing from and since March 18, 2011. Because the BOP determined that Petitioner's sentence did not

6

actually start until April 27, 2015, both the BOP and the federal court have contravened the principles undergirding separation of powers, "resulting in an unconstitutional delegation of power to the executive branch of the [BOP]." ECF No. 1 at 10.

On July 14, 2017, The Respondents filed a Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment, a Memorandum of Law in Support, and Roseboro Notice. *See* ECF Nos. 5-7. On July 31, 2017, Petitioner filed a Response in Opposition to the Motion, ECF No. 8. The Respondents did not file a Reply to Petitioner's Response in Opposition and the time for doing so has expired. Accordingly, the Respondents' Motion (ECF No. 5) is ripe for recommended disposition.

## II.    STANDARD OF REVIEW

### A.  Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6))

A motion filed under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint. *Jordan v. Alternative Resources Corp.,* 458 F.3d 332, 338 (4th Cir. 2006). In considering this motion, the court must assume that the facts alleged are true, and view them in the light most favorable to the plaintiff. *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000); *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To be sufficient under Rule 8, the pleading must meet two basic requirements:  it must contain sufficient factual allegations and those allegations must be plausible. *Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 829 (E.D. Va. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). First, sufficient factual

allegations include "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do;" rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, to "nudge[] their claims across the line from conceivable to plausible," *id.* at 570, "plaintiff[s] [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, to achieve factual plausibility, plaintiffs must allege more than "naked assertions . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.*

Consequently, when considering a motion to dismiss, only those allegations which are factually plausible are "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (noting that legal conclusions must be supported by factual allegations). "At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citations omitted).

Additionally, Fed. R. Civ. P. 12(d) provides that if, on a motion brought under Fed. R. Civ. P. 12(b)(6), matters outside the pleadings are presented to the court, the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56. However, an exception is made for authentic documents which are referred to in the complaint and upon which the plaintiff relies in bringing the action (i.e., if they are integral to the complaint). *See Philips v. Pitt Cnty.*

*Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

**B.  Motion for Summary Judgment (Rule 56(c))**

The entry of summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, finds there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986).  A court should grant summary judgment if the nonmoving party, after adequate time for discovery, has failed to establish the existence of an essential element of that party's case, on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To defeat a motion for summary judgment, the nonmoving party must go beyond the facts alleged in the pleadings and instead rely upon affidavits, depositions, or other evidence to show a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Conclusory statements, without specific evidentiary support, are insufficient. *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998).  Rather, "there must be evidence on which the jury could reasonably find for the [party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  A party opposing summary judgment must present more than "a scintilla of evidence." *Id.* at 251.

Importantly, under Rule 56 the evidence proffered, either in support of or in opposition to, the summary judgment motion, must be admissible. *Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993); *see also, Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993) *holding modified by Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420 (4th Cir. 2000) (holding that, in opposing a defendant's motion for summary judgment, "[t]he summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has

9

proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial.").

Rule 56 quite clearly lays out the procedure for seeking and opposing summary judgment. Apropos to the Respondents' Motion and Plaintiff's Opposition, Rule 56(c)(1) specifically provides that "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record," and references specific examples of admissible evidence, including declarations. Rule 56(c)(3) provides that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Rule 56(e) provides that if a party fails to address another party's assertion of fact as required by Rule 56(c), the court may, *inter alia*, give that party an opportunity to properly address the fact, consider the fact undisputed for purposes of the motion, or grant summary judgment if the motion and supporting materials demonstrate that the movant is entitled to it. Finally, Eastern District of Virginia Local Civil Rule 56(b) provides that "[i]n determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." E.D. Va. Local Civ. R. 56(b).

## III.   DISCUSSION

**A. Petitioner has failed to demonstrate that he is in custody in violation of the Constitution or the laws of the United States.**

Before evaluating the merits of Petitioner's Section 2241 request for habeas relief, this Court must ascertain whether it has jurisdiction over those claims.  Because the Respondents do not dispute that Section 2241 is the proper vehicle for asserting this type of claim, the undersigned **FINDS** that this Court has jurisdiction to consider the instant § 2241 Petition and the merits thereof for reasons detailed herein.

   1. 18 U.S.C. § 2241

Section 2241 petitions (such as the instant Petition) "generally challenge[] the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)).  The relevant portion of the statute provides that "(c) The writ of habeas corpus shall not extend to a prisoner unless . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Because the purpose of a Section 2241 petition for a writ of habeas corpus is "to test the legality of detention," a petition can be brought pursuant to 28 U.S.C. § 2241 "'regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (citing *Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir. 1982); quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th

11

Cir.), *cert. denied,* 484 U.S. 956 (1987)) (internal citations omitted).   Here, because the instant

§ 2241 Petition challenges the computation of Petitioner's sentence by prison officials, as well as

the constitutionality of the law ungirding such computation, it is properly before the Court.

    2. Exhaustion

    Unlike other statutes authorizing a prisoner to seek federal habeas relief, "§ 2241 is silent

on exhaustion.     Even so, courts have generally required parties to exhaust available

administrative remedies before seeking § 2241 relief from the federal courts." *Janvier v. I.N.S.,*

174 F. Supp. 2d 430, 434 (E.D. Va. 2001).   The undersigned **FINDS** that Petitioner dutifully

appealed his claim through the BOP's prescribed administrative remedy scheme, and has

therefore properly exhausted his remedies.

    3. Petitioner is not entitled to federal credit commencing March 18, 2011

    Contrary to Petitioner's argument, he is not entitled to receive credit against his federal

sentencing commencing March 18, 2011 because at that time, and until April 27, 2015, Petitioner

was serving sentences for State court convictions and violations of probation.   Stated another

way, Petitioner seeks "double credit" for both his state and federal sentences, which is plainly

disallowed by the relevant statute.  Title 18 of the United States Code § 3585 provides a statutory

basis for denying Petitioner's claim for habeas relief.  In relevant part, Section 3585 provides

> (a) Commencement of sentence.--A sentence to a term of imprisonment
> commences on the date the defendant is received in custody awaiting
> transportation to, or arrives voluntarily to commence service of sentence at, the
> official detention facility at which the sentence is to be served.
> (b) Credit for prior custody.--A defendant shall be given credit toward the service
> of a term of imprisonment for any time he has spent in official detention prior to
> the date the sentence commences--
>     (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested
> after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added).  Particularly relevant to the issues raised by the Petition is the final provision "that has not been credited against another sentence."  Here, Petitioner's claim that he is entitled to credit commencing March 18, 2011 fails because his time from March 18, 2011 until April 27, 2015 was counted towards "another sentence," namely, his multiple State court sentences.  The Supreme Court and courts in the Fourth Circuit that have considered the identical argument have consistently rejected the same.  *See e.g., United States v. Wilson*, 503 U.S. 329, 334 (1992) ("The final phrase of § 3585(b) confirms this interpretation.  As noted above, it authorizes credit only for time that 'has not been credited against another sentence.'") (quoting 18 U.S.C. § 3585(b)); *United States v. Robinson*, 341 F. App'x 942, 944 (4th Cir. 2009), *subsequent mandamus proceeding sub nom. In re Robinson*, 485 F. App'x 632 (4th Cir. 2012), *and subsequent mandamus proceeding sub nom. In re Robinson*, 532 F. App'x 70 (3d Cir. 2013) ("Robinson's final claim, seeking credit for time served for a violation of supervised release imposed on an earlier conviction, lacks merit.  The district court was under no obligation to credit time served on a sentence imposed in an earlier conviction."); *Headspeth v. Conley*, 126 F. Supp. 2d 1004, 1006 (S.D.W. Va.), *aff'd*, 19 F. App'x 60 (4th Cir. 2001) ("Petitioner was returned to complete his state sentence in state custody.  That state sentence was unrelated to the federal charge and Petitioner is not entitled to credit for it.") (citing 18 U.S.C. § 3568; *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971) (prisoner is ordinarily not entitled to time serving state sentence for offenses unrelated to the federal charge); *Radcliffe v. Clark*, 451 F.2d

13

250, 252 (5th Cir.1971) (same)); *United States v. Miller*, 49 F. Supp. 2d 489, 493 (E.D. Va. 1999) ("Generally, a federal sentence does not commence until a prisoner is delivered to the federal institution designated by the BOP . . . and the prisoner is not entitled to credit toward his sentence for time served in a state institution on an unrelated state charge. (citing *Doyle v. United States Dep't of Justice*, No. 95–CV–0051, 1995 WL 412406, \*5 (E.D. Pa. 1995); *Bloomgren v. Belaski*, 948 F.2d 688, 690 (10th Cir. 1991)) (internal citations omitted).

In fact, as the direct result of Petitioner's contacts with the State criminal justice system, from the very inception of Petitioner's federal prosecution and through his federal sentencing, the State remained Petitioner's primary custodian.  Petitioner was arrested on State charges by the Rockbridge County police on August 3, 2010, and since that time, has never been released from custody, State or otherwise.  ECF No. 6, attach. 1 at 3, ¶ 7.  The federal indictment and arrest warrant were issued on September 16, 2010.  *See* ECF No. 3 ("Indictment"); ECF No. 6 ("Returned Arrest Warrant"), *United States v. Henson*, No. 6:08-cr-6132 (W.D. Va. Sept. 20 2010).  A federal writ was issued on September 20, 2010 and the warrant for Petitioner's arrest was executed upon Petitioner while in State custody at a State correctional facility.  *See* ECF No. 6 ("Returned Arrest Warrant"), *United States v. Henson*, No. 6:08-cr-6132 (W.D. Va. Sept. 20, 2010).  Petitioner made his initial appearance in federal District Court the next day.  *See* ECF No. 10 ("Initial Appearance"), *United States v. Henson*, No. 6:08-cr-6132 (W.D. Va. Sept. 21, 2010) and was arraigned on September 24, 2010.  *See* ECF No. 18 ("Arraignment"), *United States v. Henson*, No. 6:08-cr-6132 (W.D. Va. Sept. 24, 2010).  Petitioner pleaded guilty to the one count federal indictment on December 2, 2010, *see* ECF No. 25 ("Guilty Plea"), *United States v. Henson*, No. 6:08-cr-6132 (W.D. Va. Dec. 2, 2010), and was sentenced on March 18,

14

2011. *See* ECF No. 42 ("Judgment"), *United States v. Henson*, No. 6:08-cr-6132 (W.D. Va. March 18, 2011). As the *Wilson* Court observed, when a federal defendant is serving a State sentence or is in State custody at the time he or she is prosecuted by the federal government, federal District Courts do not and cannot calculate credit owed to the defendant (or even the start date of the federal sentence) because "[f]ederal defendants do not always begin to serve their sentences immediately," so at the time of Petitioner's sentencing on March 18, 2011, "the District Court only could have speculated about the amount of time that [Petitioner] would spend in detention prior to the commencement of his sentence; the [District] [C]ourt did not know when the state-court proceedings would end or when the federal authorities would take [Petitioner] into custody." *United States v. Wilson*, 503 U.S. 329, 333–34 (1992).

The Fourth Circuit recognizes the exception to the general prohibition against the granting of double credit created by the Fifth Circuit in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971):

> Under *Willis*, BOP may grant prior custody credit, even where it results in a double-credit toward a state sentence, when two conditions are met: "(1) a prisoner's state [and] federal sentences run concurrently; and, (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date."

*Lee v. Wilson*, No. 1:15CV139 JCC/MSN, 2015 WL 6759456, at *5 (E.D. Va. Nov. 5, 2015) (quoting *Winston v. Stansberry*, No. 3:10CV631, 2011 WL 2693383, at *2 (E.D. Va. July 11, 2011) *aff'd*, 472 F. App'x 199 (4th Cir. 2012) (quoting *Willis*, 438 F.2d at 925))). If both conditions are met, then "credit is given toward the federal sentence for time spent in state presentence custody that begins on or after the date of the federal offense, and runs to the imposition of the first state sentence." *Id.* However, "[t]hese credits are only available for 'time

spent in non-federal presentence custody, before either a state or federal sentence is imposed.'" *Lee v. Wilson*, No. 1:15CV139 JCC/MSN, 2015 WL 6759456, at \*5 (E.D. Va. Nov. 5, 2015) (quoting *Hargrove v. Wilson*, No. 3:14CV75, 2015 WL 459224, at \*4 (E.D. Va. Feb.3, 2015)). Petitioner does not, and cannot demonstrate that he meets this exception, not least of all, because "his federal sentence runs consecutive to his state sentence, which was imposed *prior to* his [final judgment of] conviction and sentencing in the Western District of Virginia, and he received time-served credits towards is foregoing state sentence." ECF No. 6 at 9. Petitioner's respective State sentences were imposed on January 21, 2011, February 28, 2011, and March 14, 2011, whereas Petitioner's federal sentence was not imposed into March 18, 2011. *See* ECF No. 6, attach. 1 at 4-5, ¶¶ 11.

Furthermore, given that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence," it would actually be *improper* (and a violation of the separation of powers) for the District Court to attempt to dictate the credit owed to Petitioner because the power to make that determination has been expressly delegated to the Attorney General and the BOP by Congress. *United States v. Wilson*, 503 U.S. 329, 333, 335 (1992) ("Congress has indicated that computation of the credit must occur after the defendant begins his sentence. *A district court, therefore, cannot apply §* *3585(b) at sentencing*.") (emphasis added) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")). Petitioner's Response in Opposition to the Respondents' Motion states that "Petitioner does not disagree with how the law stands at this moment," and proceeds to reiterate that he "challenges the constitutionality of 18 U.S.C. § 3585,

not whether it was correctly applied in this instance." ECF No. 8 at 2-3.  The Court finds Petitioner's constitutional challenge to be without merit, because "[d]espite [P]etitioner's conclusory allegations to the contrary, it is well established that BOP has the authority to grant pre-sentencing jail credit and to compute federal sentences." *Lee v. Wilson*, No. 1:15CV139 JCC/MSN, 2015 WL 6759456, at *4 (E.D. Va. Nov. 5, 2015) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)).  Petitioner does not, and cannot, point to any authority to refute this well-settled principle and the undersigned is loath to recommend departure therefrom.

    4. Conclusion

    Petitioner's Response in Opposition to the Respondents' Motion also requests that the Court construe the Respondents' Motion as one for Summary Judgment pursuant to Fed. R. Civ. P. 12(d) because the Respondents asked the Court to consider "matters outside the pleadings" were considered.  *See* ECF No. 8 at 2.  However, Petitioner does not dispute any of the facts alleged by the Respondents. *See* ECF No. 8 *passim*. *See also* E.D. Va. Local Civ. R. 56(b) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").  Therefore, the undersigned considers the Respondents' Motion as one for Summary Judgment.  Given the lack of genuinely disputed material facts, the proper application of the applicable law, and the well-established constitutionality of the same, the Respondents are entitled to judgment as a matter of law.

    In summation, while Petitioner properly invoked Section 2241 as the vehicle to challenge the manner in which his federal sentence is being executed, as detailed herein, the undersigned **FINDS** that the substantive claim in the instant § 2241 Petition lacks merit and the undersigned

**RECOMMENDS** that the Respondents' Motion for Summary Judgment (ECF No. 5) be **GRANTED**, and the Petition (ECF No. 1) be **DISMISSED WITH PREJUDICE.**

## IV.   RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondents' Motion for Summary Judgment, ECF No. 5, be **GRANTED**, and that the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

## V.   REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge will make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to *pro se* Petitioner and counsel of record for the Respondents.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 2, 2018

19